```
                FILED        ENTERED
         LODGED        RECEIVED
              FEB 05 2003  MR
                   AT SEATTLE              Received From
           BY  CLERK U.S. DISTRICT COURT        SEATTLE
              WESTERN DISTRICT OF WASHINGTON
                                   DEPUTY   FEB 0 6 2003
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WASHINGTON PROTECTION AND ADVOCACY SYSTEM, INC, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v<br><br>EVERGREEN SCHOOL DISTRICT and RICHARD MELCHING, in his official capacity as the Superintendent of the Evergreen School District,<br><br>Defendants | NO **CV03-5062FDB**<br><br>COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF |

## I. PRELIMINARY STATEMENT

This action seeks injunctive and declaratory relief pursuant to 42 U S C § 1983 to prevent the Evergreen School District and Richard Melching, Superintendent of the Evergreen School District (hereinafter "the District"), from unlawfully restricting or interfering with full, complete, and meaningful access of the Washington Protection and Advocacy System, Inc (hereinafter "WPAS"), to children with disabilities who attend public school in the Evergreen School District (hereinafter "District"). WPAS seeks directory information for children with disabilities who attend public school in the District for whom WPAS has probable cause to

///




WA Protection & Advocacy System
180 WEST DAYTON STE 102
EDMONDS WASHINGTON 98020
(425) 776 1199   Fax (425) 776 0601

CV 03-05062 #00000001

believe have been or may be discriminated against, abused and/or neglected due to their disabilities

## II. JURISDICTION AND VENUE

2.1  This action arises under the Constitution and laws of the United States. It seeks declaratory and injunctive relief pursuant to the Civil Rights Act, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights secured to WPAS by the Constitution of the United States and federal law

2.2  Jurisdiction in this matter is asserted pursuant to 28 U.S.C. §§ 1331, 1343 and 1367 for causes of action arising under the Civil Rights Act, 42 U.S.C. § 1983, as well as under federal constitutional, statutory and common law of the United States.

2.3  The rights which WPAS seeks to redress are guaranteed by the mandates set forth in the Developmental Disabilities Assistance and Bill of Rights Act (hereinafter "DD Act"), 42 U.S.C. § 15041, *et seq*, *as amended,* and the regulations promulgated thereto; the Protection and Advocacy for Individuals with Mental Illness Act (hereinafter "PAIMI"), 42 U.S.C. § 10801, *et seq*, *as amended,* and the regulations promulgated thereto, the Protection and Advocacy of Individual Rights (hereinafter "PAIR") Act, 29 U.S.C. § 794e, *et seq*, and the regulations promulgated thereto, the Protection for Advocacy for Individuals with Traumatic Brain Injuries Act (hereinafter "PATBI"), 42 U.S.C. § 300d-52, and the regulations promulgated thereto, to protect and advocate for individuals with mental or developmental disabilities, and/or traumatic brain injuries for whom WPAS has probable cause to believe have been or may be discriminated against, abused and/or neglected, and by the First Amendment to the United States Constitution, and state law pursuant to RCW 71A 10 080 *et seq*

2.4  The court has pendent jurisdiction over the plaintiff's state law claim under RCW 714 010 080 as it derives from the same nucleus of operative facts as the plaintiff's federal claims

2.5  This Court also has authority pursuant to 28 U.S.C. §§ 2201 and 2202 to enter declaratory judgments declaring the rights and other legal relations of parties to the action, as

COMPLAINT— 2

WA Protection & Advocacy System
180 WEST DAYTON STE 102
EDMONDS WASHINGTON 98020
(425) 776 1199   Fax (425) 776 0601

well as 42 U S C. § 1983, and authority pursuant to 42 U.S.C. §§ 1983 and 1988 to award plaintiff reasonable attorneys' fees and costs expended herein

2 6    An award of monetary damages is inadequate as WPAS has suffered and will continue to suffer irreparable harm from defendants' actions, inactions, policies, procedures and the violations complained herein

2 7    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as all parties reside in the State of Washington and each of the plaintiff's claims for relief arises within this state All defendants performed the acts and/or omissions complained of herein in the State of Washington in the Western District of Washington  The Western District in Tacoma provides the most convenient forum for the litigation of these issues

### III. PARTIES

### PLAINTIFF

3 1    Plaintiff WPAS, a nonprofit corporation duly organized and existing under the laws of the state of Washington, is the statewide protection and advocacy system designated by the Governor of the State of Washington to protect and advocate for the legal and civil rights of those citizens of this state who have disabilities, pursuant to the DD Act, 42 U.S C. § 15041, *et seq*, the PAIMI Act 42 U S C § 10801, *et seq*, *as amended*, the PAIR Act, 29 U S C § 794e, *et seq*, the PAAT Act, 29 U S C § 2201, the PATBI Act, 42 U S C § 300d-52, and RCW 71A 10 080   WPAS maintains its offices at 180 West Dayton, Suite 102, in Edmonds, Washington

3.2    As the duly designated statewide protection and advocacy agency for individuals with disabilities in the State of Washington, WPAS has the authority and responsibility to pursue legal, administrative, and such other appropriate remedies or relief as may be necessary to protect and advocate for the rights of those persons within the State of Washington who are, or who may be eligible for treatment, services, or habilitation due to their physical and/or

///

///

COMPLAINT— 3

mental disabilities. DD Act, 42 U.S.C § 15041, *et seq.*; the PAIMI Act 42 U S C § 10801, *et seq*, *as amended*; the PAIR Act, 29 U S C § 794e, *et seq*, and the PAAT Act, 29 U S C § 2201, and the PATBI Act, 42 U S C. § 300d-52, and RCW 71A 10 080

3 3   In its capacity as the designated protection and advocacy system for the State of Washington, WPAS is entitled to access to all present and future persons with disabilities, individually or as a group, who attend school in the District, and their directory information, including, but not limited to the names of such children's legal guardian's, their phone numbers and addresses, among other federally mandated access rights, in order to adequately and meaningfully protect their rights pursuant to federal and state statutes in regard thereto

3 4   WPAS has and will continue to suffer irreparable harm as a result of defendants' actions or inactions absent preliminary and permanent injunctive and declaratory relief

## DEFENDANTS

**1)   The Evergreen School District**

3 5   The Evergreen School District is located in Clark County, Washington and is fully accredited as a public provider of educational services, including special education, by the State Board of Education pursuant to RCW 28A 305 130 and WAC 180-55-010 *et seq*  It is located in the Western District of Washington near Vancouver, Washington  Its mailing address is:  13501 NE 28th Street, P.O Box 8910, Vancouver, WA 98668-8910

3 6   At all times relevant to this cause, the defendants, knew or should have known of the policies, practices, acts and conditions alleged herein

3.7   At all times relevant hereto, all of the defendants have been operating under color of law, custom, and usage of the State of Washington.

**2)   Richard Melching**

3 8   Defendant Richard Melching is sued in his official capacity as the Superintendent of the Evergreen School District

/ / /

/ / /

COMPLAINT— 4

3 9    Defendant Melching's administrative office is located in Vancouver, Washington, and his mailing address is as follows 13501 NE 28th Street, P O Box 8910, Vancouver, WA 98668-8910.

3.10    Defendant Melching, in his official capacity, is charged with and has, at all times relevant herein, exercised general responsibility, supervision, and oversight for formulating the policies and practices of the District, and more specifically, the promulgation, administration, implementation, supervision, and control of the rules, regulations, policies, and laws relating to the provision and coordination of all of the programs, and services offered to those children with disabilities by and/or through the District

## IV.    FACTUAL ALLEGATIONS

4 1    Plaintiff hereby realleges and incorporates herein, paragraphs 1 1-3 11

4 2    At all times relevant herein, WPAS has been, and is, designated by the Governor of the State of Washington as the protection and advocacy system agency for those citizens of this state who have mental, developmental, and physical disabilities

4 3    WPAS, like all of the protection and advocacy agencies currently operating in the other forty-nine states, the federal protectorates (American Samoa, the Commonwealth of the North Mariana Islands, Guam, Puerto Rico, the Republic of Palau, and the United States Virgin Islands), and the District of Columbia, was originally created pursuant to the mandates of the DD Act, 42 U.S.C § 10541, *et seq* , to protect and advocate for individuals with developmental disabilities from abuse and neglect and to advocate for their rights

4 4    WPAS' mandate as the protection and advocacy system for the State of Washington was extended in 1986 to individuals labeled as having mental illnesses in facilities pursuant to the PAIMI Act, 42 U S C § 10801, *et seq., as amended*, and in 1994 to those individuals with disabilities who were not already eligible for protection and advocacy services under the DD or PAIMI Acts under the PAIR Act, 29 U.S C § 794(e), *et seq* , and the PAAT Act, 29 U S C § 2201 In 2002, this authority was expanded by the passage of the PATBI Act, 42 U S C § 300d-52 to persons with traumatic brain injuries.

COMPLAINT— 5

4.5     As a result of the extensive Congressional hearings preceding each of the aforesaid statutory enactments, Congress found that there had been an extensive history of unlawful discriminatory segregation, extraordinary maltreatment, financial exploitation, neglect, and physical abuse of individuals with disabilities

4.6     The DD, PAIMI, PATBI, PAIR, and PAAT Acts require that each state, in exchange for receipt of certain federal financial assistance, " effect a system to protect and advocate for the rights of persons " with disabilities and further specify that these systems, must have the authority to investigate and pursue legal and other appropriate remedies for those individuals  DD Act, 42 U.S.C § 10540, *et seq, as amended*; PAIMI, 42 U.S C § 10805 *et seq, as amended,* and PAIR, 29 U.S.C. § 794(f)(3), and PAAT, 29 U S C § 2201, PATBI, 42 U S C §300d-52

4.7     The Washington state legislature also provided for this system with the enactment of RCW 71A 10.080  Under RCW 71A 10 080(1), the designated protection and advocacy system for the state of Washington "shall have the authority to pursue legal, administrative, and other appropriate remedies to protect the rights of the developmentally disabled and to investigate allegations of abuse and neglect." Similar authority is granted to the designated protection and advocacy system to "pursue legal, administrative, and other appropriate remedies to protect the rights of the mentally ill persons and to investigate allegations of abuse or neglect " under RCW 71A 10 080(2).

4.8     WPAS, in accordance with its federal mandates, duties, and responsibilities as the designated protection and advocacy system for the state of Washington under federal and state law, has employed attorneys and advocates to perform and provide protection and advocacy services to those citizens of the State of Washington who have mental, developmental, physical and other disabilities

4.9     WPAS currently provides protection and advocacy services to a child with developmental disabilities who attends school at the Heritage High School in the Evergreen School District

COMPLAINT— 6

WA Protection & Advocacy System
180 WEST DAYTON STE 102
EDMONDS WASHINGTON 98020
(425) 776 1199   Fax (425) 776 0601

1    4 10   In late 2002, WPAS received a complaint from a parent that children with
2    disabilities in the District are required to collect garbage, recyclable trash and perform other
3    janitorial tasks as part of their educational plans  *See* Declaration of John Finders, attached
4    hereto as Exhibit 2  Such tasks were alleged to occur as part of the children with disabilities'
5    "Work Experience" and "Life Skills" courses at Heritage High School  *Id*

6    4 11   WPAS began its investigation of the complaint and sent a probable cause letter
7    to the Heritage High School's Special Services Department on December 6, 2002, requesting
8    that Heritage produce directory information for other children with disabilities in the special
9    education program who also are collecting garbage and/or collecting lunch tables and chairs as
10   part of their "Work Experience" program, and/or collecting recycling for the school, or
11   performing other janitorial tasks at the school  *See* Letter of 12/6/02, attached hereto as
12   Exhibit 3A

13   4 12   On information and belief the District has custody, possession and/or control of
14   the information requested by WPAS in its letter of December 6, 2002 to the District

15   4 13   In the same letter of December 6, WPAS also requested general information
16   regarding the "Work Experience' program, including all policies, goals, criteria and
17   descriptions of the program and it's requirements  *Id*

18   4 14   The District, through its counsel, Lawrence Ransom, verbally contacted WPAS
19   on December 11, 2002, and stated that the District would not produce the records requested in
20   WPAS' December 6, 2002 letter, claiming that WPAS lacked the authority to obtain such
21   information without the consent of the affected student's parents or guardians  *See* Decl of
22   Herivel ¶5, 11, attached hereto as Ex  3, Decl. of David Girard, ¶3-6, hereto attached as Ex  4

23   4 15   On December 11, 2002 after speaking with Mr  Ransom, WPAS faxed Mr
24   Ransom materials further detailing its authority to obtain the requested materials, which
25   included a case that directly addressed the District's concerns regarding release of the requested
26   information  Decl. of Herivel ¶ 6

27   / / /

COMPLAINT— 7

WA Protection & Advocacy System
180 WEST DAYTON STE 102
EDMONDS WASHINGTON 98020
(425) 776 1199   Fax (425) 776 0601

4.16   On December 19, 2002, WPAS again requested that the District provide the requested information  The District, through its counsel, again refused to provide the information. Decl of Girard at ¶ 5

4.17   On December 19, 2002, WPAS also verbally requested that the District provide, at a minimum, the policy and program materials requested in its December 6, 2002 letter *See* Decl of Girard ¶ 7, Ex 4  The District did not respond to this request until over one month later  Decl of Herivel ¶ 11, Ex 3  On January 27th, 2003, the District sent only handful of general brochures regarding Heritage High School's "Work Experience" program, but continued to refuse to disclose the remainder of the requested information  *Id*

4.18   In response to the District's verbally stated refusal on December 11th and December 19th, 2002 to produce the requested information based upon its belief that WPAS lacked the federal statutory authority to obtain the requested materials, WPAS submitted a written overview to the District on January 15, 2003 detailing WPAS' federal statutory and regulatory authority *See* Decl of Herivel, Letter from Herivel to Ransom, dated January 15, 2003, hereto attached as Ex. 3C  In that letter, WPAS reiterated that federal statutes require production of requested documents by the District within 3 days, and gave the District one additional week to produce the requested records. *Id*

4.19   In addition, WPAS informed the District in the January 15, 2003 letter that it was also required to produce the names and addresses of the guardians of all children addressed in WPAS' original records request dated December 6, 2002, as required by 45 CFR §1386 22 (h)(I), which provides that "[i]f a system is denied access to facilities and its programs, individuals with developmental disabilities, or records covered by the Act it shall be provided promptly with a written statement of reasons, including, in the case of a denial for alleged lack of authorization, the name and address of the legal guardian, conservator, or other legal representative of an individual with developmental disabilities", *see* Decl of Herivel, Letter from Herivel to Ransom, dated January 15, 2003, Ex 3C

///

COMPLAINT— 8

WA Protection & Advocacy System
180 WEST DAYTON STE 102
EDMONDS WASHINGTON 98020
(425) 776 1199   Fax (425) 776 0601

4 20    The District again verbally refused to produce the directory information in a phone conversation from Mr Ransom to WPAS on January 22, 2003 *See* Decl of Herivel ¶ 11, Ex 3  To date, the District has also refused to provide its reasoning for denying the request in writing to WPAS as required by 42 U S C §15043(a)(J)(I) *Id* at ¶14, Decl of Girard ¶ 8, Ex. 4

4 21    The District has continued, to date, to refuse to disclose the requested information, to provide WPAS with its reasoning for denying the requested information in writing, or to provide WPAS the names, addresses of the affected students' parents, guardians or representatives as required by federal law  Consequently, WPAS is unable to fulfill its federal mandate to investigate the complaints of abuse, neglect and/or discrimination due to disability against children with disabilities who attend school in the District

4 22    Defendants have been made well aware of, and been informed by WPAS of WPAS' federal access authority to the requested information

4.23    Defendant Melching has acted in his official capacities to create and maintain practices, policies and procedures that hamper the Congressionally mandated functions and duties of WPAS

4 24    The exhaustion of administrative remedies, if any are available, is not required in that WPAS seeks declaratory and injunctive relief.  As described in the foregoing paragraphs, WPAS has attempted to resolve its access issues informally with the District  This attempt has proven unsuccessful

4 25    WPAS and its potential clients have suffered and continue to suffer immediate, direct and irreparable injury to their statutory and Constitutional interests in investigating WPAS' probable cause belief that children with disabilities who attend school in the District suffer abuse, neglect and/or discrimination due to their disabilities because of the District's continued delay and refusal to provide WPAS with full, effective, and meaningful access to such children and to the directory information of children with disabilities in the District, to

/ / /

which WPAS is entitled under the DD, PAIMI, PAIR, and PATBI Acts, and the regulations promulgated thereto.

4 26   WPAS has standing to bring this action on its own behalf because the refusal or denial of access to directory information by the District constitutes an injury in fact to WPAS' legally protected interests This injury is concrete, particularized, actual, and imminent There is a causal relationship between the injury and defendants' challenged conduct, and a favorable decision by this Court will redress the injury

4 27   WPAS has no adequate remedy at law

## V. LEGAL CLAIMS

**1)   Count I: Violation of WPAS' Rights Under 42 U.S.C. §§ 10541, et seq. *as amended*, and 10801 *et seq. as amended*, 29 U.S.C. § 794e, 300d-52 and the Underlying Regulations**

5 1   WPAS hereby realleges and incorporates herein paragraphs 1.1 - 4 30

5 2   The actions of the District, as described in this Complaint have violated, and continue to violate, the rights of WPAS under the PAIMI, DD, PAIR and PATBI Acts, the regulations promulgated thereto, and 42 U S C § 1983, under color of law

5 3   WPAS has no fair, adequate, or speedy remedy at law and has and will continue to suffer irreparable harm absent the issuance of an order from this Court granting preliminary and permanent relief

**2)   Count II: Violation of Civil Rights**

5 4   WPAS hereby realleges and incorporates herein paragraphs 1.1 - 5 3

5 5   The District's violation of WPAS' rights, as alleged herein, also constitutes a cause of action under 42 U.S C. § 1983 for violations, under color of state law of WPAS' federal constitutional rights including the rights of freedom of association and speech as guaranteed by the First Amendment to the United States Constitution

5 6   Defendants have violated the rights of WPAS to freedom of speech, expression, and association as secured by the First Amendment to the Constitution of the United States and

42 U S C § 1983 by preventing WPAS from freely speaking to and associating with children with disabilities for whom WPAS has probable cause to believe have been or may be discriminated against, abused and/or neglected by the District

### 3) Count III: Violation of State Law

57    Defendants have violated WPAS' rights as guaranteed by RCW 716 A 10 080 to be an effective protection and advocacy system and to pursue legal, administrative and other appropriate remedies to protect the rights of the mentally ill and developmentally disabled and to investigate allegations of abuse and neglect

### Prayer for Relief

**WHEREFORE**, plaintiff Washington Protection and Advocacy System, Inc , requests the following relief from Court

A    For an Order assuming jurisdiction over this case including the plaintiff's state law claims,

B    For an Order declaring that defendants' actions and inactions, as described herein, violate plaintiff's rights under the First Amendment to the Constitution of the United States and under the DD Act, 42 U.S.C § 15041, *et seq , as amended*, the PAIMI Act, 42 U S C § 10801, *et seq , as amended*, the PAIR Act, 29 U S C § 794e, the PATBI Act, 42 U.S C § 300d-52, and the regulations promulgated thereto and RCW 71A 010 080,

C    For an Order directing defendants to immediately provide plaintiff WPAS with full, meaningful and effective access to directory information for children who attend public school in the Evergreen School District without further delay,

D    For an Order awarding plaintiff its costs and an appropriate award for their attorneys' fees pursuant to 42 U S C § 1988, and

/ / /

/ / /

/ / /

/ / /

E    For an Order granting plaintiff such other and further relief as this Court deems just and proper

DATED this 5th day of February, 2003.

                Respectfully submitted,

                Washington Protection and Advocacy System, Inc., Plaintiff

By _____
    Tara Herivel, WSBA #31803

By. _____
    David B. Girard, WSBA# 17658
    Attorneys for Plaintiff WPAS

COMPLAINT— 12