

ENTERED
ON DOCKET

APR 1 4 2003

IV DEPUTY

8    UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
9                 AT TACOMA

10   WASHINGTON PROTECTION AND
     ADVOCACY SYSTEM, INC , a Washington
11   non-profit corporation,

12              Plaintiff,                         Case No  C03-5062 FDB

13        v                                        ORDER DENYING PLAINTIFF'S
                                                   MOTION FOR PRELIMINARY
14   EVERGREEN SCHOOL DISTRICT and                 INJUNCTION
     RICHARD MELCHING, in his official
15   capacity as the Superintendent for the
     Evergreen School District,
16
                Defendants
17

18        Plaintiff Washington Protection and Advocacy System, Inc  ("WPAS") seeks a preliminary

19   injunction to obtain the names of all students with disabilities participating in the Evergreen School

20   District's ("the District") Work Experience Program ("WEP" or "Program") and contact

21   information for their parents and/or guardians.  The District and Richard Melching, Superintendent

22   for the District,  refuse to release the requested information and oppose WPAS's Motion for

23   Preliminary Injunction now before the Court   The Court has carefully reviewed the pleadings and

24   documents filed in this matter and finds that WPAS's Motion for Preliminary Injunction should be

25   **DENIED**

26   ORDER - 1

CV 03-05062  A00000025

25

1

## BACKGROUND

2   This case was prompted by complaints WPAS received from Mr. Finders, a parent of a

3   student with disabilities enrolled in the District. WPAS is a protection and advocacy system ("P&A

4   system") designated by the Governor of the State of Washington under RCW 71A.10.080 to

5   implement a program for the protection and advocacy of the rights of persons with developmental

6   disabilities pursuant to the Developmentally Disabled Assistance and Bill of Rights ("DD") Act, 42

7   U.S.C. § 15041 *et seq.*, the Protection and Advocacy for Individuals with Mental Illness ("PAIMI")

8   Act, 42 U.S.C. § 10801, *et seq.*, the Protection and Advocacy for Individuals with Traumatic Brain

9   Injury ("PATBI") Act, the Protection and Advocacy for Individual Rights ("PAIR") Act

10  (hereinafter "the P&A Acts").

11  Mr. Finders complained that his child along with other students with disabilities at Heritage

12  High School ("Heritage") were required by the District to collect garbage and recycling, as well as

13  lunchroom tables and chairs after school lunches as part of the school's WEP.[1] In addition, N.F.,

14  Mr. Finder's child, reported that a Heritage teacher required students with disabilities to collect

15  recyclable trash on a daily basis and cash in the recycling at a local store. The teacher allegedly

16  saved and used the collected funds for field trips.

17  Acting on these complaints, WPAS sent Heritage's Special Service Department a probable

18  cause letter on December 6, 2002 requesting right of access to names, addresses, and phone

19  numbers of all students and their parents or guardians who participate in both the special education

20  program and the WEP. WPAS specifically stated in its December 6, 2002, letter that its probable

21  cause authority ("P&A authority") allows P&A's to investigate incidents of *abuse and neglect* of

22  individuals with disabilities if the incidents are reported to the system and there is probable cause to

23

---

24  [1]The record reveals that approximately 125 high school students in the District participate in
the WEP. WEP participants qualify for "individualized educational programs" under the IDEA and

25  receive academic credit for their participation. Participation in the WEP is voluntary and requires
parental permission.

26  ORDER - 2

1  believe that the incidents occurred  *See* Decl of Tara Herival, Exh 3A

2  The District, through its attorney, denied WPAS request claiming that WPAS lacked the

3  authority to obtain the information without parental consent  The District maintains this position

4  here and argues that release of the requested information would violate Family Educational Rights

5  and Privacy Act ("FERPA"), 20 U S C § 1232g *et seq* and the Individuals with Disabilities

6  Education Act ("IDEA"), 20 U S C §§ 1400 *et seq*  The District further argues that the WPAS does

7  not have probable cause to believe that students in the District are being abused and neglected

8  WPAS argues in its memoranda supporting its Motion for Preliminary Injunction that it has

9  a statutory right of access under the aforementioned P&A Acts  WPAS does not agree that FERPA

10  and the IDEA trump its P&A authority  WPAS also argues that Mr Finder's complaint is sufficient

11  to establish probable cause that disabled students in the District are being abused and neglected and

12  that the District is violating its constitutionally protected rights to freedom of speech and

13  association under the First Amendment to the United States Constitution

14  Resolution of this matter requires a determination as to whether WPAS has met the standard

15  for a preliminary injunction

16  ## STANDARD FOR PRELIMINARY INJUNCTION

17  To obtain a preliminary injunction, WPAS bears the burden of showing either  (1) a

18  combination of probable success on the merits and the possibility of irreparable injury, or (2)

19  serious questions as to these matters and the balance of hardships tips sharply in its favor

20  *Stuhlbarg v Int'l Sales Co Inc v John D Brush & Co* , 240 F 3d 832, 839-840 (9th Cir. 2001)

21  These two tests represent "a continuum of equitable discretion whereby the greater the relative

22  hardship to the moving party, the less probability of success must be shown " *See Regents of Univ*

23  *of Calif v ABC, Inc* , 747 F 2d 511, 515 (9th Cir  1984)

24  Injunctions are classified as either "mandatory" (those commanding performance of acts on

25  the part of defendants) or "prohibitory" (those prohibiting acts on the part of defendants). *See*

26  ORDER - 3

1 | *Meghrig v KFC Western, Inc* , 516 U S  479, 484-485 (1996)  Although the factors for

2 | consideration of mandatory and prohibitory injunctions are the same, mandatory injunctions are

3 | subject to a higher scrutiny  *See Dahl v  HEM Pharmaceuticals Corp* , 7 F 3d 1399, 1403 (9th Cir

4 | 1993)

5 |       Mandatory preliminary injunctions go "well beyond simply maintaining the status quo" and

6 | are particularly disfavored  *See Stanley v  University of Southern California*, 13 F 3d 1313, 1320

7 | (9th Cir. 1994)  As such, mandatory preliminary relief should be denied unless the facts and law

8 | clearly favor the moving party  *Id*

9 |       Because WPAS seeks to require the District to go beyond the status quo and release

10 | otherwise private information, the Court construes WPAS's request for preliminary relief as a

11 | motion for mandatory preliminary injunction  Thus, the Court, applying the heightened standard,

12 | will only issue WPAS's requested injunction if the law and the facts weigh heavily in WPAS's

13 | favor

14 | **DISCUSSION**

15 | **1.      Likelihood of Success On the Merits**

16 |       The primary issue before the Court is whether WPAS has sufficiently demonstrated a

17 | likelihood of success on the merits  To establish a likelihood of success here, WPAS must show

18 | that the facts and the law clearly support access to the District's records  A careful review of the

19 | record reveals that WPAS has not satisfied its burden for purposes of this motion

20 |       First, the Court is not sufficiently satisfied that the P&A Acts override the FERPA and

21 | IDEA  *Michigan P  & A  Serv , Inc  v  Miller*, 849 F. Supp  1202 (W D  Mich  1994), the only case

22 | cited by WPAS for this proposition, is not persuasive  The *Michigan P  & A  Serv*  court, faced with

23 | a motion for summary judgment, addressed whether the P&A service was being denied reasonable

24 | access to *individuals*  *See Id*  at 1205  The court did not address the issue we face here  whether the

25 | P&A service had the authority to gain access to parent/guardian contact information for previously

26 | ORDER - 4

1  unidentified students with disabilities participating in a WEP  In the absence of persuasive

2  authority on this particular issue, the Court is not inclined to disrupt the status quo and grant

3  WPAS's request  The District's citation to Developmental Disabilities Program, 61 Fed  Reg

4  51,147 (1996) (codified at 45 C F R  1385) supports this conclusion

5       Moreover, the Court does not agree that the two bodies of law can be "harmonized" as the

6  type of information sought cannot properly be characterized as "directory information " Directory

7  information, a term WPAS concedes is defined only under FERPA, clearly does not include contact

8  information for parents/guardians or information sufficient to establish which students are

9  participating in the WEP  *See* 20 U S C  § 1232g(a)(5)(A)

10      Second, even if the Court could find that the P&A Acts give WPAS the authority to access

11  the requested information, WPAS still must establish a likelihood of success on its argument that it

12  has probable cause to believe that the District is abusing and neglecting N F  and other students

13  with disabilities participating in the WEP

14      Under the DD Act, P&A systems have the authority to investigate incidents of abuse and

15  neglect of individuals with developmental disabilities if the incidents are reported to the system or

16  if there is probable cause to believe that such individual has been subject to abuse or neglect  42

17  U S C  15043(B)  Probable cause under the DD and PAIMI Acts is "a reasonable belief that an

18  individual with mental illness has been, or may be at significant risk or being subject to abuse or

19  neglect " 42 C F R  § 51 2, 42 C F R  § 1386.19

20      Having reviewed the facts of this case carefully, the Court does not find that the allegations

21  are sufficient to establish probable cause that N F  has suffered abuse and neglect  Even assuming

22  WPAS's allegations to be true, the Court simply finds that collecting and recycling garbage does

23  not present a serious risk or potential for injury as contemplated by the P&A Acts  Furthermore,

24  WPAS's argument that it is the "sole and final arbiter of whether probable cause exists" is

25

26  ORDER - 5

1   unpersuasive   Plaintiff's Motion for Preliminary Injunction at 11   WPAS cites no case law

2   establishing that its probable cause determinations cannot be reviewed by this Court

3       WPAS further argues that the allegations here are sufficient to require the District to release

4   contact information for *all* disabled student participating in the WEP in the District   Probable cause

5   for generalized access to records has been established in a handful of cases   For instance, in *Iowa*

6   *Protection and Advocacy Services v  Gerard Treatment Programs*, 152 F  Supp  2d 1150 (N D

7   Iowa 2001) the court permitted the Protection and Advocacy organization to access patients records

8   at a psychiatric medical institution after a patient died from the misuse of restraints   The *Girard*

9   court found that broad access was necessary to determine whether patient abuse and neglect was

10  occurring in the institution

11      The facts of this case are not so compelling   The Court has already established that there is

12  an insufficient showing of abuse and neglect to grant WPAS access to N F 's records   Even if this

13  Court was satisfied that there is probable cause that N F. is suffered abuse and neglect, the evidence

14  is insufficient to establish that *all* disabled students in the District are required to participate in the

15  activities complained of   Complaints from one parent at one school in the District are insufficient

16  to establish probable cause to believe that disabled students throughout the District are being abused

17  and neglected   As such, the Court is not inclined to grant WPAS "broad access" to the requested

18  records.

19      Finally, the Court is not satisfied that a likelihood of success has been established on

20  WPAS's First Amendment claim   Again, the cases cited by WPAS concern access to individuals,

21  not school records identifying students with disabilities participating in the WEP   Thus, a

22  preliminary injunction will not be issued for this reason

23  **2.     Irreparable Injury**

24

25      WPAS argues that the students with disabilities in the District will suffer irreparable harm if

26  ORDER - 6

preliminary relief is not granted   For support, WPAS relies on *Cheema v Thompson*, 67 F 3d 883, 885 (9th Cir  1995), *overruled on other grounds by City of Boerne v Flores*, 521 U S  507 (1997)  The Court, however, is not persuaded by *Cheema*

*Cheema* is a school safety case that concerns the interests of three Sikh students whose religious beliefs required them to carry ceremonial knives at all times   *See Id*   The students sought a preliminary injunction against the enforcement of a school weapons ban   *See Id*   Besides being factually dissimilar, *Cheema* stands for the proposition that denial of an educational opportunity amounts to irreparable injury   The issue here is not whether the students with disabilities participating in the WEP will suffer irreparable injury but whether WPAS will suffer irreparable injury by the District's actions

The District argues that irreparable injury cannot be established because the WPAS, Mr Finders, and any other parent of special education students at Heritage have available an adequate legal remedy, other than injunctive relief, under the IDEA and Title II of the Americans with Disabilities ("ADA") Act, 42 U S C  §§ 12141 *et seq*   The District points out that remedies under these statutes would preserve privacy interests in educational records   While these remedies are available to Mr Finders, and other similarly situated parents, the Court is not persuaded that they are available to the WPAS   Nonetheless, WPAS has failed to establish, for purposes of this motion, that it will be irreparably injured if its request is not granted

Furthermore, the Court recognizes that the deprivation of First Amendment freedoms, for even minimal periods of time, can constitute irreparable injury for preliminary injunction purposes  *See Elrode v Burns*, 427 U S  347, (1976)   However, given the tenuous nature of WPAS's First Amendment claim, the Court is unwilling to disrupt the status quo and order the District to release the contact information

3.    **Balance of Hardships**

When examining the balance of hardships, the Court must weigh carefully the relative

ORDER - 7

1  hardships to the parties   The greater the relative hardship to the moving party, the less strong need

2  be the showing of probable success that is required  *Beltran v  Myers*, 677 F 2d 1317, 1320 (9th Cir

3  1982)   The Court is not convinced that the equities tip sharply in WPAS's favor   Rather, the Court

4  finds that the balance of interests favors preservation of the status quo and the right to privacy in

5  educational records

6                                    **CONCLUSION**

7         WPAS has failed to show that the facts and the law weigh so heavily in its favor that

8  disruption of the status quo and of issuance of a mandatory preliminary injunction is warranted

9  Having failed to meet its burden, the Court has no choice but to deny WPAS's request for a

10  preliminary injunction requiring the District to release the names of all students with disabilities

11  participating in the District's WEP and contact information for their parents and/or guardians

         ACCORDINGLY

12      IT IS SO ORDERED

13      (1)    Plaintiff's Motion for a Preliminary Injunction (Dkt  #2) is **DENIED**, and

14      (2)    The Clerk of the Court is directed to send copies of this Order to counsel for Plaintiff

15             and Defendants

16      DATED this __/ /__ day of April, 2003

17                                    FRANKLIN D  BURGESS
                                      UNITED STATES DISTRICT JUDGE
18

19

20

21

22

23

24

25

26  ORDER - 8

car

United States District Court
for the
Western District of Washington
April 14, 2003


* * MAILING CERTIFICATE OF CLERK * *


Re:   3:03-cv-05062


True and correct copies of the attached were mailed by the clerk to the
following


        Tara J Herivel, Esq.
        WASHINGTON PROTECTION & ADVOCACY SYSTEM
        STE 102
        180 W DAYTON
        EDMONDS, WA   98020

        David B Girard, Esq.
        WASHINGTON PROTECTION & ADVOCACY SYSTEM
        STE 102
        180 W DAYTON
        EDMONDS, WA   98020
        FAX 425-776-0601

        Lawrence B  Ransom, Esq.
        KARR TUTTLE CAMPBELL
        STE 2900
        1201 THIRD AVE
        SEATTLE, WA   98101-3028
        FAX 682-7100

        Tracy M Miller, Esq
        KARR TUTTLE CAMPBELL
        STE 2900
        1201 THIRD AVE
        SEATTLE, WA   98101-3028
        FAX 682-7100

        Judge Burgess