ENTERED
ON DOCKET

APR 14 2003

'V DEPUTY

FILED LODGED
RECEIVED

APR 1 1 2003

CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WASHINGTON PROTECTION AND
ADVOCACY SYSTEM, INC , a Washington
non-profit corporation,

Plaintiff,

v

EVERGREEN SCHOOL DISTRICT and
RICHARD MELCHING, in his official
capacity as the Superintendent for the
Evergreen School District,

Defendants

Case No C03-5062 FDB

ORDER DENYING PLAINTIFF'S
MOTION FOR PRELIMINARY
INJUNCTION

Plaintiff Washington Protection and Advocacy System, Inc ("WPAS") seeks a preliminary injunction to obtain the names of all students with disabilities participating in the Evergreen School District's ("the District") Work Experience Program ("WEP" or "Program") and contact information for their parents and/or guardians. The District and Richard Melching, Superintendent for the District, refuse to release the requested information and oppose WPAS's Motion for Preliminary Injunction now before the Court  The Court has carefully reviewed the pleadings and documents filed in this matter and finds that WPAS's Motion for Preliminary Injunction should be **DENIED**

ORDER - 1



CV 03-05062 00000025

25

## BACKGROUND

This case was prompted by complaints WPAS received from Mr Finders, a parent of a student with disabilities enrolled in the District. WPAS is a protection and advocacy system ("P&A system") designated by the Governor of the State of Washington under RCW 71A.10.080 to implement a program for the protection and advocacy of the rights of persons with developmental disabilities pursuant to the Developmentally Disabled Assistance and Bill of Rights ("DD") Act, 42 U.S.C. § 15041 *et seq*, the Protection and Advocacy for Individuals with Mental Illness ("PAIMI") Act, 42 U.S.C. § 10801, *et seq*, the Protection and Advocacy for Individuals with Traumatic Brain Injury ("PATBI") Act, the Protection and Advocacy for Individual Rights ("PAIR") Act (hereinafter "the P&A Acts").

Mr Finders complained that his child along with other students with disabilities at Heritage High School ("Heritage") were required by the District to collect garbage and recycling, as well as lunchroom tables and chairs after school lunches as part of the school's WEP.[1] In addition, N.F., Mr Finder's child, reported that a Heritage teacher required students with disabilities to collect recyclable trash on a daily basis and cash in the recycling at a local store. The teacher allegedly saved and used the collected funds for field trips.

Acting on these complaints, WPAS sent Heritage's Special Service Department a probable cause letter on December 6, 2002 requesting right of access to names, addresses, and phone numbers of all students and their parents or guardians who participate in both the special education program and the WEP. WPAS specifically stated in its December 6, 2002, letter that its probable cause authority ("P&A authority") allows P&A's to investigate incidents of *abuse and neglect* of individuals with disabilities if the incidents are reported to the system and there is probable cause to

---

[1] The record reveals that approximately 125 high school students in the District participate in the WEP. WEP participants qualify for "individualized educational programs" under the IDEA and receive academic credit for their participation. Participation in the WEP is voluntary and requires parental permission.

ORDER - 2

believe that the incidents occurred. *See* Decl. of Tara Herival, Exh. 3A.

The District, through its attorney, denied WPAS request claiming that WPAS lacked the authority to obtain the information without parental consent. The District maintains this position here and argues that release of the requested information would violate Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g *et seq* and the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*. The District further argues that the WPAS does not have probable cause to believe that students in the District are being abused and neglected.

WPAS argues in its memoranda supporting its Motion for Preliminary Injunction that it has a statutory right of access under the aforementioned P&A Acts. WPAS does not agree that FERPA and the IDEA trump its P&A authority. WPAS also argues that Mr. Finder's complaint is sufficient to establish probable cause that disabled students in the District are being abused and neglected and that the District is violating its constitutionally protected rights to freedom of speech and association under the First Amendment to the United States Constitution.

Resolution of this matter requires a determination as to whether WPAS has met the standard for a preliminary injunction.

## STANDARD FOR PRELIMINARY INJUNCTION

To obtain a preliminary injunction, WPAS bears the burden of showing either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) serious questions as to these matters and the balance of hardships tips sharply in its favor. *Stuhlbarg v. Int'l Sales Co. Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839-840 (9th Cir. 2001). These two tests represent "a continuum of equitable discretion whereby the greater the relative hardship to the moving party, the less probability of success must be shown." *See Regents of Univ of Calif v. ABC, Inc.*, 747 F.2d 511, 515 (9th Cir. 1984).

Injunctions are classified as either "mandatory" (those commanding performance of acts on the part of defendants) or "prohibitory" (those prohibiting acts on the part of defendants). *See*

ORDER - 3

*Meghrig v KFC Western, Inc*, 516 U S 479, 484-485 (1996) Although the factors for consideration of mandatory and prohibitory injunctions are the same, mandatory injunctions are subject to a higher scrutiny *See Dahl v HEM Pharmaceuticals Corp*, 7 F 3d 1399, 1403 (9th Cir 1993)

Mandatory preliminary injunctions go "well beyond simply maintaining the status quo" and are particularly disfavored *See Stanley v University of Southern California*, 13 F 3d 1313, 1320 (9th Cir. 1994) As such, mandatory preliminary relief should be denied unless the facts and law clearly favor the moving party *Id*

Because WPAS seeks to require the District to go beyond the status quo and release otherwise private information, the Court construes WPAS's request for preliminary relief as a motion for mandatory preliminary injunction Thus, the Court, applying the heightened standard, will only issue WPAS's requested injunction if the law and the facts weigh heavily in WPAS's favor

## **DISCUSSION**

### 1. **Likelihood of Success On the Merits**

The primary issue before the Court is whether WPAS has sufficiently demonstrated a likelihood of success on the merits To establish a likelihood of success here, WPAS must show that the facts and the law clearly support access to the District's records A careful review of the record reveals that WPAS has not satisfied its burden for purposes of this motion

First, the Court is not sufficiently satisfied that the P&A Acts override the FERPA and IDEA *Michigan P & A Serv, Inc v Miller*, 849 F. Supp 1202 (W D Mich 1994), the only case cited by WPAS for this proposition, is not persuasive The *Michigan P & A Serv* court, faced with a motion for summary judgment, addressed whether the P&A service was being denied reasonable access to *individuals See Id* at 1205 The court did not address the issue we face here whether the P&A service had the authority to gain access to parent/guardian contact information for previously

ORDER - 4

unidentified students with disabilities participating in a WEP  In the absence of persuasive authority on this particular issue, the Court is not inclined to disrupt the status quo and grant WPAS's request  The District's citation to Developmental Disabilities Program, 61 Fed Reg 51,147 (1996) (codified at 45 C F R  1385) supports this conclusion

Moreover, the Court does not agree that the two bodies of law can be "harmonized" as the type of information sought cannot properly be characterized as "directory information " Directory information, a term WPAS concedes is defined only under FERPA, clearly does not include contact information for parents/guardians or information sufficient to establish which students are participating in the WEP  *See* 20 U S C  § 1232g(a)(5)(A)

Second, even if the Court could find that the P&A Acts give WPAS the authority to access the requested information, WPAS still must establish a likelihood of success on its argument that it has probable cause to believe that the District is abusing and neglecting N F  and other students with disabilities participating in the WEP

Under the DD Act, P&A systems have the authority to investigate incidents of abuse and neglect of individuals with developmental disabilities if the incidents are reported to the system or if there is probable cause to believe that such individual has been subject to abuse or neglect  42 U S C  15043(B)  Probable cause under the DD and PAIMI Acts is "a reasonable belief that an individual with mental illness has been, or may be at significant risk or being subject to abuse or neglect " 42 C F R  § 51 2, 42 C F R  § 1386.19

Having reviewed the facts of this case carefully, the Court does not find that the allegations are sufficient to establish probable cause that N F  has suffered abuse and neglect  Even assuming WPAS's allegations to be true, the Court simply finds that collecting and recycling garbage does not present a serious risk or potential for injury as contemplated by the P&A Acts  Furthermore, WPAS's argument that it is the "sole and final arbiter of whether probable cause exists" is

ORDER - 5

unpersuasive. Plaintiff's Motion for Preliminary Injunction at 11. WPAS cites no case law establishing that its probable cause determinations cannot be reviewed by this Court.

WPAS further argues that the allegations here are sufficient to require the District to release contact information for *all* disabled student participating in the WEP in the District. Probable cause for generalized access to records has been established in a handful of cases. For instance, in *Iowa Protection and Advocacy Services v. Gerard Treatment Programs*, 152 F. Supp. 2d 1150 (N.D. Iowa 2001) the court permitted the Protection and Advocacy organization to access patients records at a psychiatric medical institution after a patient died from the misuse of restraints. The *Girard* court found that broad access was necessary to determine whether patient abuse and neglect was occurring in the institution.

The facts of this case are not so compelling. The Court has already established that there is an insufficient showing of abuse and neglect to grant WPAS access to N.F.'s records. Even if this Court was satisfied that there is probable cause that N.F. is suffered abuse and neglect, the evidence is insufficient to establish that *all* disabled students in the District are required to participate in the activities complained of. Complaints from one parent at one school in the District are insufficient to establish probable cause to believe that disabled students throughout the District are being abused and neglected. As such, the Court is not inclined to grant WPAS "broad access" to the requested records.

Finally, the Court is not satisfied that a likelihood of success has been established on WPAS's First Amendment claim. Again, the cases cited by WPAS concern access to individuals, not school records identifying students with disabilities participating in the WEP. Thus, a preliminary injunction will not be issued for this reason.

**2.     Irreparable Injury**

WPAS argues that the students with disabilities in the District will suffer irreparable harm if

ORDER - 6

preliminary relief is not granted. For support, WPAS relies on *Cheema v. Thompson*, 67 F.3d 883, 885 (9th Cir. 1995), *overruled on other grounds by City of Boerne v. Flores*, 521 U.S. 507 (1997). The Court, however, is not persuaded by *Cheema*.

*Cheema* is a school safety case that concerns the interests of three Sikh students whose religious beliefs required them to carry ceremonial knives at all times. *See Id.* The students sought a preliminary injunction against the enforcement of a school weapons ban. *See Id.* Besides being factually dissimilar, *Cheema* stands for the proposition that denial of an educational opportunity amounts to irreparable injury. The issue here is not whether the students with disabilities participating in the WEP will suffer irreparable injury but whether WPAS will suffer irreparable injury by the District's actions.

The District argues that irreparable injury cannot be established because the WPAS, Mr. Finders, and any other parent of special education students at Heritage have available an adequate legal remedy, other than injunctive relief, under the IDEA and Title II of the Americans with Disabilities ("ADA") Act, 42 U.S.C. §§ 12141 *et seq.* The District points out that remedies under these statutes would preserve privacy interests in educational records. While these remedies are available to Mr. Finders, and other similarly situated parents, the Court is not persuaded that they are available to the WPAS. Nonetheless, WPAS has failed to establish, for purposes of this motion, that it will be irreparably injured if its request is not granted.

Furthermore, the Court recognizes that the deprivation of First Amendment freedoms, for even minimal periods of time, can constitute irreparable injury for preliminary injunction purposes. *See Elrode v. Burns*, 427 U.S. 347, (1976). However, given the tenuous nature of WPAS's First Amendment claim, the Court is unwilling to disrupt the status quo and order the District to release the contact information.

**3.     Balance of Hardships**

When examining the balance of hardships, the Court must weigh carefully the relative

ORDER - 7

hardships to the parties The greater the relative hardship to the moving party, the less strong need be the showing of probable success that is required *Beltran v Myers*, 677 F 2d 1317, 1320 (9th Cir 1982) The Court is not convinced that the equities tip sharply in WPAS's favor Rather, the Court finds that the balance of interests favors preservation of the status quo and the right to privacy in educational records

## CONCLUSION

WPAS has failed to show that the facts and the law weigh so heavily in its favor that disruption of the status quo and of issuance of a mandatory preliminary injunction is warranted Having failed to meet its burden, the Court has no choice but to deny WPAS's request for a preliminary injunction requiring the District to release the names of all students with disabilities participating in the District's WEP and contact information for their parents and/or guardians

ACCORDINGLY

IT IS SO ORDERED

(1) Plaintiff's Motion for a Preliminary Injunction (Dkt #2) is **DENIED**, and

(2) The Clerk of the Court is directed to send copies of this Order to counsel for Plaintiff and Defendants

DATED this __11__ day of April, 2003

FRANKLIN D BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 8

United States District Court
for the
Western District of Washington
April 14, 2003

car

* * MAILING CERTIFICATE OF CLERK * *

Re: 3:03-cv-05062

True and correct copies of the attached were mailed by the clerk to the following

Tara J Herivel, Esq.
WASHINGTON PROTECTION & ADVOCACY SYSTEM
STE 102
180 W DAYTON
EDMONDS, WA 98020

David B Girard, Esq.
WASHINGTON PROTECTION & ADVOCACY SYSTEM
STE 102
180 W DAYTON
EDMONDS, WA 98020
FAX 425-776-0601

Lawrence B Ransom, Esq.
KARR TUTTLE CAMPBELL
STE 2900
1201 THIRD AVE
SEATTLE, WA 98101-3028
FAX 682-7100

Tracy M Miller, Esq
KARR TUTTLE CAMPBELL
STE 2900
1201 THIRD AVE
SEATTLE, WA 98101-3028
FAX 682-7100

Judge Burgess